IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ROBERT A. MARTINEZ, JR.**, | CASE NO. 3:21 CV 1900 |
| **Plaintiffs,** | JUDGE JAMES R. KNEPP II |
| v. | |
| **LUCAS COUNTY JAIL, et al.**, | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

## INTRODUCTION

*Pro se* Plaintiff Robert A. Martinez, Jr. filed this civil rights action under 42 U.S.C. § 1983 against the Lucas County Jail, "Head of Medical Department", "Supervisors of Medical Department", "Guards", and "Transportation Officers (all three shifts)". *See* Doc. 1. The basis of Plaintiff's claim is that he was denied prescribed medication while in jail for 30 days in 2018. *See id.*

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2). That Application is granted.

## BACKGROUND

Plaintiff alleges he was detained in the Lucas County Jail for 30 days in 2018. (Doc. 1, at 2). He contends he had been taking the prescription medication Suboxone for thirteen years to combat his opioid addiction and without such medication would suffer detoxification symptoms. *Id.* He states the jail denied him the medication and his mental health deteriorated. *Id.* His family repeatedly requested he be transported to a hospital where he could detoxify under the supervision of medical personnel. *Id.* Instead, he was placed in an isolation cell. *Id.* He claims he

was found unresponsive and suffering from a seizure and was transported to St. Vincent Hospital. *Id.* He was then transferred to another jail facility from the hospital, and "released to the streets in a total[ly] delusional state of mind." *Id.* Plaintiff explains he had no idea how he made it home, could not function in the days after returning home, and has not been the same since his release. *Id.* He seeks monetary damages for violation of unspecified constitutional rights. *Id.* at 2-3. He also lists the Americans with Disabilities Act ("ADA") as a basis for relief. *Id.* at 2. Plaintiff seeks monetary damages. *Id.* at 3.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief "above the speculative level" on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an

2

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

As an initial matter, Plaintiff has not identified a viable Defendant against whom these claims can be asserted. First, County Jails are not *sui juris*, meaning they are not separate legal entities under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (finding Common Pleas Court not *sui juris*). Jails are merely subunits of the County. The claims against the jail fail as a matter of law.

Second, Plaintiff vaguely identifies the Jail Medical Department Supervisors, the Jail Guards and the Transportation Officers as Defendants. He does not identify any particular individual within those broad categories who participated in the actions he alleges. Claims under Title II of the ADA can only be asserted against a state or local government. 42 U.S.C. § 12131(1)(A). The ADA does not authorize claims against public employees or supervisors in their individual capacities. *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) ("We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."); *Lee v. Mich. Parole Bd*., 104 F. App'x 490, 493 (6th Cir. 2004) (finding that the ADA does not impose liability upon individuals). Further, Plaintiff's claims under 42

3

U.S.C. § 1983 fail because he did not identify any individuals alleged to be personally involved in the activities giving rise to his claims. Plaintiff cannot establish the liability of any defendant absent a clear showing the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). General allegations directed at the entire department are not sufficient to state a claim.

Finally, the statutes of limitations for both ADA and 42 U.S.C. § 1983 claims have expired. Both ADA and § 1983 claims are governed by a two-year statute of limitations. *McCormick v. Miami Univ.*, 693 F.3d 654, 662-64 (6th Cir. 2012) (ADA claims); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991) (§ 1983 claims). Plaintiff indicates these events took place while he was in the Lucas County Jail for 30 days in June 2018. He filed this action in October 2021, well beyond the two-year statute of limitations.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2), be and the same hereby is, GRANTED; and it is

FURTHER ORDERED that this action is DISMISSED pursuant to 28 U.S.C. § 1915(e); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
 UNITED STATES DISTRICT JUDGE